Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/25/2022 01:05 AM CST

- 367 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

Great Plains Livestock Consulting, Inc.,
and Ki Fanning, appellants, v.
Midwest Insurance Exchange,
Inc., et al., appellees.

___ N.W. ___

Filed September 2, 2022.    No. S-21-722.

1. **Standing: Jurisdiction: Pleadings: Evidence: Appeal and Error.** If a
motion challenging a court's subject matter jurisdiction is filed after the
pleadings stage, and the court holds an evidentiary hearing and reviews
evidence outside the pleadings, it is considered a "factual challenge."
Where the trial court's decision to dismiss for lack of subject matter
jurisdiction is based on a factual challenge, the court's factual findings
are reviewed under the clearly erroneous standard.

2. **Jurisdiction: Appeal and Error.** Aside from any factual findings, the
trial court's ruling on subject matter jurisdiction is reviewed de novo,
because it presents a question of law.

3. **Appeal and Error.** The grant or denial of a stay of proceedings is
reviewed for an abuse of discretion.

4. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the
power of a tribunal to hear and determine a case in the general class or
category to which the proceedings in question belong and to deal with
the general subject matter involved.

5. **Jurisdiction: Courts.** Ripeness is one component of subject matter
jurisdiction; its fundamental principle is that courts should avoid entan-
gling themselves, through premature adjudication, in abstract disagree-
ments based on contingent future events that may not occur at all or may
not occur as anticipated.

6. ____: ____. A determination with regard to ripeness depends upon the
circumstances in a given case and is a matter of degree.

7. **Actions: Jurisdiction: Appeal and Error.** An appellate court uses a
two-part inquiry to determine ripeness: (1) the fitness of the issues for

- 368 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

judicial decision and (2) the hardship to the parties of withholding court consideration.

8. **Negligence: Proof.** To prevail in a negligence action, a plaintiff must prove the defendant's duty not to injure the plaintiff, breach of duty, proximate causation, and damages.

9. **Courts: Actions.** Courts inherently possess the power to stay proceedings when required by the interests of justice.

Appeal from the District Court for Cass County: MICHAEL A. SMITH, Judge. Reversed and remanded for further proceedings.

Andrew D. Weeks, of Baylor Evnen, L.L.P., for appellants.

Brien M. Welch and David A. Blagg, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee Midwest Insurance Exchange, Inc.

Sean A. Minahan and Patrick G. Vipond, of Lamson, Dugan & Murray, L.L.P., for appellees UNICO Group, Inc., and Sean Krueger.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, FUNKE, PAPIK, and FREUDENBERG, JJ., and KOZISEK, District Judge.

FUNKE, J.

## INTRODUCTION

Great Plains Livestock Consulting, Inc., and its president, Ki Fanning (collectively Great Plains), appeal the order of the district court for Cass County, Nebraska, which dismissed its complaint for lack of subject matter jurisdiction. Great Plains alleged that Midwest Insurance Exchange, Inc. (Midwest), as well as UNICO Group, Inc., and agent Sean Krueger (collectively UNICO), negligently failed to transfer or procure an errors and omissions insurance policy, which, had it been in place, would have covered the costs of defense and settlement or judgment for two lawsuits filed against Great Plains in another state. The district court found that Great Plains' complaint is not ripe because Midwest's and UNICO's liability and Great Plains' damages are currently unknown and

- 369 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

because Great Plains may never be found liable in the lawsuits against it. Great Plains appeals. We reverse, and remand for further proceedings.

## BACKGROUND

In early 2018, Great Plains had an errors and omissions policy underwritten by Capitol Specialty Insurance Corporation (Cap Specialty) through Midwest when it approached UNICO for assistance in procuring various insurance coverages. The record on appeal does not disclose what, if any, agreements the parties reached regarding coverage at that time, but Great Plains notified Midwest on April 18, 2018, that it was moving its errors and omissions policy. Great Plains subsequently obtained an errors and omissions policy underwritten by Lloyd's London Syndicate 2987 (Lloyd's) through UNICO on or about November 11, 2019. This policy was renewed on or about November 11, 2020.

In late 2020, Great Plains was named a third-party defendant in two lawsuits filed in the Iowa district court for Emmet County based on consulting work it had performed for Spencer Ag Center, LLC (Spencer Ag). The parties to the two lawsuits were different, but both lawsuits complained of negligence and breach of implied warranty of fitness by Spencer Ag customers. These customers named Spencer Ag a third-party defendant, and Spencer Ag, in turn, asserted third-party claims against Great Plains, alleging Great Plains had provided the feed ration formulas and feed products to the customers. As of this appeal, the Iowa lawsuits are pending.

Between early December 2020 and the end of February 2021, Great Plains submitted claims and requests for a tender of defense and indemnification related to the Iowa lawsuits to Midwest, UNICO, Cap Specialty, and Lloyd's. All claims and requests were denied.

Subsequently, on March 24, 2021, Great Plains brought a declaratory judgment action against Midwest, UNICO, Cap Specialty, and Lloyd's to ascertain whether any policy effective

- 370 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

between Great Plains and the insurers covered the events underlying the Iowa lawsuits. It also sought recovery of the costs of the Iowa lawsuits and of its declaratory judgment action.

Great Plains filed a separate negligence lawsuit against Midwest and UNICO alleging they had a duty to transfer or procure an errors and omissions policy for it and breached this duty by failing to ensure the requested policy was in place. Great Plains further alleged that Midwest's and UNICO's breach of duty had "caused" and "will continue to cause" it damages because it had to retain counsel at its own expense to defend the Iowa lawsuits; it will also have to pay any judgment entered against it in the lawsuits. Great Plains asserted these costs would have been covered under the requested errors and omissions policy.

UNICO moved to dismiss Great Plains' negligence complaint for failure to state a claim under Neb. Ct. R. Pldg. § 6-1112(b)(6). UNICO based this motion primarily on the fact that "[Great Plains] currently do[es] not and cannot provide . . . the amount of defense cost or potential judgments against [Great Plains] in the two Iowa lawsuits." As such, UNICO argued, Great Plains' "alleged damages are speculative" and its complaint is not ripe.

Great Plains filed a statement of disputed facts in opposition to UNICO's motion to dismiss, asserting that it had already incurred attorney fees of approximately $4,000 in the Iowa lawsuits and $16,000 in its declaratory judgment and negligence actions. Great Plains also moved to stay proceedings on its negligence complaint pending the resolution of the Iowa lawsuits. In so doing, Great Plains asserted that the full extent of its damages is "contingent" on the outcome of these lawsuits, but "not speculative."

The district court held a hearing on June 21, 2021, at which the parties to the declaratory judgment action essentially agreed that Great Plains did not have errors and omissions coverage for the Iowa lawsuits. The hearing also touched on Great Plains' motion to stay, with Midwest's and UNICO's

position being that Great Plains' negligence complaint is "premature" and "not ripe" and should be dismissed, not stayed. They proposed that Great Plains "bring an action in negligence or a contribution indemnity" "when and if they do have any damages in the Iowa case[s]." However, Great Plains expressed concern about dismissal with the option to refile later insofar as its claims could be seen to involve professional negligence subject to a 2-year statute of limitations, rather than ordinary negligence subject to a 4-year statute of limitations.

The district court subsequently issued an order on August 2, 2021, dismissing Great Plains' negligence complaint on ripeness grounds. In relevant part, the order stated:

> The liability of [Midwest and Unico] to [Great Plains] is currently unknown as is the amount of any damages. In fact, there may not ever be a finding of liability in the Iowa litigation. As any claim of [Great Plains] is entirely dependent on the outcome of the Iowa litigation, the case is not fit for a judicial decision at this time, and there is no showing of a hardship to [Great Plains] by withholding the court's decision in the case.

The order did not address Great Plains' motion for a stay.

Midwest filed its own motion to dismiss on August 4, 2021, because it was unclear whether the earlier order applied to Midwest. In its motion, Midwest asserted Great Plains' complaint "is based on a theoretical contingency" that it may be entitled to contribution or indemnity from Midwest if judgment is entered against it in the Iowa lawsuits. Midwest further asserted that "[a]t this stage, any claims for contribution and indemnity or for damages are speculative at best."

The district court also granted this motion, "consistent with" its earlier ruling on UNICO's motion to dismiss. The language of the order was the same as that in the earlier order, and Great Plains' motion to stay was not addressed.

Great Plains appealed to the Nebraska Court of Appeals, and we moved the matter to our docket.

- 372 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

## ASSIGNMENTS OF ERROR

Great Plains assigns, restated, that the district court erred in finding that its negligence complaint is not ripe and in declining to stay proceedings pending the resolution of the Iowa lawsuits.

## STANDARD OF REVIEW

[1,2] If a motion challenging a court's subject matter jurisdiction is filed after the pleadings stage, and the court holds an evidentiary hearing and reviews evidence outside the pleadings, it is considered a "factual challenge."[1] Where the trial court's decision to dismiss for lack of subject matter jurisdiction is based on a factual challenge, the court's factual findings are reviewed under the clearly erroneous standard.[2] But aside from any factual findings, the trial court's ruling on subject matter jurisdiction is reviewed de novo, because it presents a question of law.[3]

[3] The grant or denial of a stay of proceedings is reviewed for an abuse of discretion.[4]

## ANALYSIS

### Ripeness

Great Plains argues that in dismissing its complaint on ripeness grounds, the district court "focus[ed] only on the prospective settlements or judgments in the two Iowa cases" and ignored the costs Great Plains has already incurred in defending the Iowa lawsuits and bringing the declaratory judgment and negligence actions.[5] Midwest and UNICO counter that Great Plains' claims "currently require litigating abstract

---

[1] See *North Star Mut. Ins. Co. v. Stewart*, 311 Neb. 33, 970 N.W.2d 461 (2022).

[2] *Hawley v. Skradski*, 304 Neb. 488, 935 N.W.2d 212 (2019).

[3] *Id*.

[4] *Hawkins v. Delgado*, 308 Neb. 301, 953 N.W.2d 765 (2021).

[5] Brief for appellants at 8.

- 373 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

issues of future and contingent outcomes that may or may not occur or may not occur as anticipated," given that the Iowa lawsuits are ongoing and Great Plains has not yet been found liable for any act or omission.[6] They also argue that Great Plains' own motion to stay proceedings "betrays" that its negligence complaint is not ripe.[7]

We agree with Great Plains that the district court erred in dismissing its negligence complaint on ripeness grounds given the facts and circumstances of this case. The district court based its decision on its view that Midwest's and UNICO's "liability" and Great Plains' "damages" are "currently unknown," and "there may not ever be a finding of liability in the Iowa litigation." The district court is correct that there are numerous unknowns regarding the claims pending against Great Plains in Iowa, including whether Great Plains will be found liable. However, despite these unknowns, the elements of Great Plains' negligence complaint as to its attorney fees already incurred in defending the Iowa lawsuits are not conjectural or hypothetical. Our finding that Great Plains' complaint is ripe is based upon these costs; we offer no opinion regarding the other damages alleged in the complaint.

[4-6] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[8] Ripeness is one component of subject matter jurisdiction; its fundamental principle is that courts should avoid entangling themselves, through premature adjudication, in abstract disagreements based on contingent future events that may not occur at all or may not occur as anticipated.[9] A determination regarding ripeness

---

[6] Brief for appellee UNICO at 10.

[7] *Id.* at 13.

[8] *Davis v. Moats*, 308 Neb. 757, 956 N.W.2d 682 (2021).

[9] See *State ex rel. Wagner v. Evnen*, 307 Neb. 142, 948 N.W.2d 244 (2020).

- 374 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

depends upon the circumstances in a given case and is a matter of degree.[10]

[7] In making this determination, we use a two-part inquiry: (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration.[11] The fitness-for-decision inquiry goes to the court's ability to visit an issue and safeguards against judicial review of hypothetical or speculative disagreements.[12] Generally, a case is ripe when no further factual development is necessary to clarify a concrete legal dispute susceptible to specific judicial relief, as distinguished from an advisory opinion regarding contingent future events.[13] The hardship inquiry, in turn, goes to the question of whether delayed review will result in significant harm.[14] "Harm" includes both the traditional concept of actual damages—pecuniary or otherwise—and also the heightened uncertainty and resulting behavior modification that may result from delayed resolution.[15]

For example, in *City of Omaha v. City of Elkhorn*,[16] we considered the issue of ripeness in a declaratory judgment action. In *City of Omaha*, the plaintiff sought a determination as to whether severance provisions in certain employment contracts that the defendant had entered into prior to being annexed by the plaintiff were enforceable. We determined that the declaratory judgment action was ripe despite the fact that a lawsuit challenging the validity of the annexation was still pending when the declaratory judgment action was filed. In so doing, we noted that the question of whether the severance provisions ran afoul of the Nebraska Constitution was

---

[10] *Shepard v. Houston*, 289 Neb. 399, 855 N.W.2d 559 (2014).

[11] See *Stewart v. Heineman*, 296 Neb. 262, 892 N.W.2d 542 (2017).

[12] *Id*.

[13] *Shepard v. Houston, supra* note 10.

[14] See *Stewart v. Heineman, supra* note 11.

[15] *Id*.

[16] *City of Omaha v. City of Elkhorn*, 276 Neb. 70, 752 N.W.2d 137 (2008).

- 375 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

"essentially legal in nature" and could be "resolved without further factual development."[17] We also noted that deciding the case at this time would avoid delay and the unnecessary expenditure of judicial resources in relitigating this question and resolve the uncertainty about the severance provisions' enforceability.[18]

Similarly, in *Shepard v. Houston*,[19] we found that a declaratory judgment action challenging the constitutionality of a statute which required that an inmate who refused to submit a DNA sample forfeit his good time credits was ripe, even though the statute would not be applied to the inmate until his release date. We noted that the question of whether the statute had impermissible retroactive effect as to the inmate was "essentially legal" and could be "resolved without further factual development."[20] We also noted that although the inmate could change his mind, this possibility was "more speculative than the present reality," given that he had already refused to submit a sample and professed he would continue to refuse.[21] In addition, we found that deciding the case at this time would avoid the waste of judicial resources in relitigating the issue, as well as potentially "significant hardship" to the inmate, who might otherwise be unlawfully detained after his release date.[22]

[8] We find that this case, like the declaratory actions in *City of Omaha* and *Shepard*, is ripe, because Great Plains' negligence complaint can be resolved without further factual development. As the plaintiff in a negligence action, Great Plains must prove Midwest's and UNICO's duty not to injure Great Plains, a breach of that duty, proximate causation, and

---

[17] *Id*. at 82, 752 N.W.2d at 147.

[18] *Id*.

[19] *Shepard v. Houston, supra* note 10.

[20] *Id*. at 407, 855 N.W.2d at 566.

[21] *Id*. at 408, 855 N.W.2d at 567.

[22] *Id*.

- 376 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

damages.[23] Midwest and UNICO focus their ripeness argument on the elements of duty and damages. Midwest asserts that resolution of the Iowa lawsuits is necessary to determine what, if any, duty it breached by "defining the parameters of the claims from which Midwest is charged with failing to protect Great Plains."[24] Both Midwest and UNICO further assert that Great Plains' damages are "too contingent or remote to support present adjudication"[25] because (1) the costs of defending the Iowa lawsuits are "currently incomplete and contingent on [Great Plains'] continuing to defend [itself]"[26]; (2) Great Plains has not been, and may never be, found liable in the Iowa lawsuits; and (3) any act or omission for which Great Plains might be found liable may not be covered by the allegedly requested errors and omissions policy.

As to the element of duty, we find that Great Plains' complaint alleges a duty on the part of Midwest and UNICO that is neither conjectural or hypothetical nor dependent upon the outcome of the Iowa lawsuits. Midwest incorrectly relies on our decisions in *U.S. Specialty Ins. Co. v. D S Avionics*[27] and *Harleysville Ins. Group v. Omaha Gas Appliance Co.*[28] for the propositions that a declaratory judgment action regarding insurance coverage is premature when "there is [a pending] underlying action" involving "identical issues" and ripe only when "coverage can be determined separately from the underlying action."[29]

---

[23] See *Susman v. Kearney Towing & Repair Ctr.*, 310 Neb. 910, 970 N.W.2d 82 (2022).

[24] Brief for appellee Midwest at 19.

[25] Brief for appellee UNICO at 11.

[26] *Id.* at 10.

[27] *U.S. Specialty Ins. Co. v. D S Avionics*, 301 Neb. 388, 918 N.W.2d 589 (2018), *modified on denial of rehearing* 302 Neb. 283, 923 N.W.2d 367 (2019).

[28] *Harleysville Ins. Group v. Omaha Gas Appliance Co.*, 278 Neb. 547, 772 N.W.2d 88 (2009).

[29] Brief for appellee Midwest at 16 (internal quotation marks omitted).

- 377 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

These arguments, however, miss the substance of Great Plains' complaint, as well as the point of our earlier decisions cited above. Great Plains does not allege that Midwest failed to protect it from specific claims or failed to fulfill the duties of an insurer as to defense and indemnification. Rather, Great Plains alleges that Midwest and/or UNICO negligently failed to transfer or procure an errors and omissions policy, under which the insurer would have had certain duties to Great Plains. The determination of whether such a duty existed is not conjectural or hypothetical pending the outcome of the Iowa lawsuits; it can be determined in proceedings on Great Plains' negligence complaint.

Similarly, as to the cases cited by Midwest, we note that this is a negligence suit, not a declaratory judgment action. Additionally, the Iowa lawsuits do not raise "identical issues" insofar as they concern Great Plains' alleged negligence and breach of implied warranty of fitness as to feed ration formulas and feed products, while this case concerns Midwest's and UNICO's alleged negligence in failing to transfer or procure an errors and omissions policy. We also note that Midwest has not pointed to any aspect of the allegedly requested insurance policy or the facts and circumstances of this case which would indicate that the actual outcome of the Iowa litigation, as opposed to the substance of the underlying claims and related facts, is necessary to determine whether the allegedly requested policy would cover these claims.[30]

---

[30] Compare *Cincinnati Ins. Co. v. Becker Warehouse, Inc.*, 262 Neb. 746, 635 N.W.2d 112 (2001) (rejecting argument that court lacked subject matter jurisdiction over declaratory judgment action regarding whether insurance policy covered claims pending resolution of claims because determination could be made based on policy's language), with *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981) (finding that declaratory judgment action regarding whether insurance policy covered claim could not be resolved until after claim was resolved because claim alleged intentional tort, and policy expressly excluded claims arising from intentional bodily injury).

- 378 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

In turning to the issue of damages, it is undisputed that Great Plains has defended itself in the Iowa lawsuits, instead of relying on an insurer to do so, as it would have done under the allegedly requested errors and omissions policy. We find that its alleged damages in this regard suffice for purposes of ripeness. Our recent decision in *Susman v. Kearney Towing & Repair Ctr.*[31] helps illustrate this.

*Kearney Towing & Repair Ctr.* involved a dispute over whether the statute of limitations on a claim for ordinary negligence began to run from the time of the defendant's alleged negligence in mounting and installing tires on a vehicle or from when the tread on one of the tires separated, causing the driver to lose control and the vehicle to roll over.[32] We found that the claim did not accrue—and the statute of limitations did not begin to run—until the accident occurred.[33] In reaching this conclusion, we noted that "under longstanding principles of justiciability, a party is not aggrieved and cannot institute and maintain suit if any element of that party's claim depends upon abstract questions or issues that might arise in a hypothetical or fictitious situation or setting and may never come to pass."[34] As such, the plaintiffs could not have brought and maintained suit when the tires were installed merely because they were among the broad group of persons who might suffer some harm in the future.[35] It was not until the tread failed and the vehicle rolled over—nearly 1 year after the tires were installed—that the plaintiffs suffered an injury and could initiate and maintain a suit for negligence.[36]

---

[31] *Kearney Towing & Repair Ctr., supra* note 23.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 921, 970 N.W.2d at 91.

[35] *Kearney Towing & Repair Ctr., supra* note 23.

[36] *Id.*

- 379 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

Great Plains' current situation is not like that of the *Kearney Towing & Repair Ctr.* plaintiffs prior to their accident. Great Plains is not seeking damages in the event a claim is filed against it. Two such claims have already been filed, and the record shows that Great Plains had incurred approximately $4,000 in attorney fees in defending these claims as of June 16, 2021. Midwest and UNICO effectively admitted as much at oral argument when they conceded that they would agree Great Plains' complaint is ripe if all it sought to recover was the approximately $4,000 it had spent in defending the Iowa lawsuits through June 16. As this admission indicates, the unknowns that Midwest and UNICO point to do not pertain to the existence of damages as such, but, rather, the amount of damages—namely, the total costs of defending the Iowa lawsuits, the amount of any settlement or judgment, and whether Great Plains is entitled to attorney fees for its declaratory judgment action in light of the prayer for relief in its negligence complaint and our decision in *Tetherow v. Wolfe*.[37]

## Motion to Stay

Great Plains also argues that the district court erred in not staying proceedings on its negligence complaint until the Iowa lawsuits are resolved. Midwest and UNICO variously counter that the district court lacked the power to stay proceedings once it found it lacked subject matter jurisdiction, that the issue is not properly before this court on appeal because the district court did not rule on Great Plains' motion for a stay, and that Great Plains failed to provide any argument as to why the district court abused its discretion in granting "dismissal in lieu of a stay."[38]

---

[37] *Tetherow v. Wolfe*, 223 Neb. 631, 392 N.W.2d 374 (1986) (holding that one who through tort of another has been required to act in protection of his or her interests by bringing or defending action against third person is entitled to recover reasonable compensation for loss of time, attorney fees, and other expenditures thereby suffered or incurred in earlier action).

[38] Brief for appellee UNICO at 14.

- 380 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
GREAT PLAINS LIVESTOCK v. MIDWEST INS. EXCH.
Cite as 312 Neb. 367

[9] Stays are often used to regulate the court's own proceedings or to accommodate the needs of parallel proceedings.[39] Courts inherently possess the power to stay proceedings when required by the interests of justice.[40]

Because we reverse the district court's finding that Great Plains' complaint is not ripe, we express no opinion on whether Great Plains' motion to stay has merit. In determining whether to exercise this power on remand, the trial court should balance the competing needs of the parties, taking into account, among other things, the interest of the courts, the probability that the proceeding will work a constitutional violation on the movant, the presence or absence of hardship or inequity, and the burden of proof.[41]

## CONCLUSION

We conclude that Great Plains' action was ripe. Accordingly, we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STACY, J., not participating.

---

[39] *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018).

[40] *Kelley v. Benchmark Homes, Inc.*, 250 Neb. 367, 550 N.W.2d 640 (1996), *disapproved on other grounds, Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004).

[41] See *id.*