Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/03/2023 01:06 AM CDT

Justeen Williams, appellant, v. Scott Frakes,
in his official capacity as director of the
Nebraska Department of Correctional
Services, et al., appellees.

___ N.W.2d ___

Filed October 27, 2023.    No. S-22-719.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a
   motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an
   order dismissing a complaint, the appellate court accepts as true all facts
   which are well pled and the proper and reasonable inferences of law and
   fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Immunity: Jurisdiction.** Sovereign immunity is jurisdictional in nature,
   and courts have a duty to determine whether they have subject matter
   jurisdiction over a matter.
4. **Jurisdiction: Judgments: Appeal and Error.** Subject matter jurisdic-
   tion is a question of law. An appellate court independently reviews ques-
   tions of law decided by a lower court.
5. **Jurisdiction: Dismissal and Nonsuit.** Consideration should first be
   given to subject matter jurisdiction before considering possible dismissal
   based on a failure to state a claim for relief.
6. **Jurisdiction: Courts.** Ripeness is one component of subject matter
   jurisdiction; its fundamental principle is that courts should avoid entan-
   gling themselves, through premature adjudication, in abstract disagree-
   ments based on contingent future events that may not occur at all or may
   not occur as anticipated.
7. ____: ____. A determination regarding ripeness depends upon the cir-
   cumstances in a given case and is a matter of degree.
8. **Actions: Jurisdiction: Appeal and Error.** An appellate court uses
   a two-part inquiry to determine ripeness: (1) the fitness of the issues
   for judicial decision and (2) the hardship to the parties of withholding
   court consideration.

9. **Jurisdiction: Courts.** Ripeness involves a jurisdictional question of the fitness of the issues for judicial decision, which goes to a court's ability to visit an issue and safeguards against judicial review of hypothetical or speculative disagreements, and a prudential question concerning whether hardship will result if court consideration is delayed.

10. **Habeas Corpus: Prisoners.** Challenges to the validity of a prisoner's confinement or to particulars affecting its duration are the province of habeas corpus, while requests for relief concerning circumstances of confinement may be presented in an action under 42 U.S.C. § 1983 (2018).

11. **Actions: Prisoners: Proof.** A state prisoner's action under 42 U.S.C. § 1983 (2018) is barred if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

12. **Administrative Law: Immunity: Waiver: Jurisdiction: Declaratory Judgments.** Neb. Rev. Stat. § 84-911 (2014) provides a limited statutory waiver of sovereign immunity and confers subject matter jurisdiction for a declaratory judgment concerning the validity of a state agency's rule or regulation.

13. **Administrative Law: Statutes: Jurisdiction: Declaratory Judgments.** Neb. Rev. Stat. § 84-911 (Reissue 2014) does not confer jurisdiction for declaratory relief concerning judicial interpretation of a statute.

Appeal from the District Court for Lancaster County: Kevin R. McManaman, Judge. Affirmed.

Gerald L. Soucie for appellant.

Michael T. Hilgers, Attorney General, and James D. Smith for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

Inmate Justeen Williams sued the Nebraska Department of Correctional Services (DCS) and three of its officials regarding computation of her tentative mandatory release date (TRD). The district court dismissed the case, and Williams appeals. Because Williams' first two claims attacked the duration of

her confinement, they failed to state a claim under 42 U.S.C. § 1983 (2018). And because the complaint's third claim failed to challenge the validity of a DCS rule or regulation, the waiver of sovereign immunity under Neb. Rev. Stat. § 84-911 (Reissue 2014) did not apply. We affirm the district court's judgment.

## BACKGROUND

### SENTENCING BACKGROUND

In 1994, the district court sentenced Williams to life imprisonment for a murder that she committed as a juvenile. It imposed a consecutive sentence of 2 to 5 years' imprisonment for a use of a firearm conviction, with credit for 224 days of time served.

In 1995, the court imposed a sentence of 1 year's imprisonment for an assault by a confined person conviction. The court ordered the sentence to be served consecutively to any other sentence.

Following the U.S. Supreme Court's decision in *Miller v. Alabama*[1] and its progeny, Williams moved for postconviction relief. The district court sustained the motion. It determined that Williams was entitled to a resentencing hearing, and it vacated her sentence on "Count 1 Murder in the First Degree."

Upon resentencing in 2016, the court imposed a sentence of 60 to 80 years' imprisonment for the murder conviction. The court ordered the sentence to be served consecutively to the use of a firearm conviction. It granted credit for time served of 8,147 days against the sentence for murder only. The court's sentencing order also stated that good time shall be calculated "pursuant to LB191."

### TRD INQUIRY AND GRIEVANCES

Williams questioned the computation of her TRD under 68 Neb. Admin. Code, chs. 1 (2008) and 2 (2023). She sent

[1] *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

an inquiry to "NCCW inmate records," stating her belief that DCS should have discharged her from two sentences that she claimed to have completed and that DCS incorrectly claimed she was serving a combined sentence of 63 to 86 years with a TRD in 2036. The records administrator replied with a sentencing calculation and an explanation that the combined sentence had been correctly calculated. Williams filed an informal grievance and received a response. She subsequently filed a "Step One" grievance, which the warden denied. Williams then filed a "Step Two" grievance, and the director denied it.

### Complaint for Declaratory Judgment

Following the denial of Williams' grievances, she filed an action for declaratory judgment under § 1983 and § 84-911 against DCS and three individuals in their official capacities. Williams alleged that DCS, its director, its records administrator, and a warden (hereinafter collectively DCS) were responsible for actions that infringed on her constitutional rights under the 8th Amendment and under the Due Process Clause of the 14th Amendment to have her TRD determined consistent with Nebraska statutes and case law.

Williams set forth two claims for declaratory relief under § 1983. In the first claim, she asserted that it was a violation of the Eighth Amendment for DCS to determine that her TRD was 3 years longer than that authorized under Nebraska law. Williams asserted that as a matter of law, DCS must discharge her from the two shorter sentences. She sought a declaratory judgment that under the Eighth Amendment, her TRD should be in 2033 rather than 2036.

In Williams' second claim for declaratory relief under § 1983, she alleged that it was a violation of the Due Process Clause of the 14th Amendment for DCS to determine that her TRD was 3 years longer than that authorized under Nebraska law. She sought a declaratory judgment that under the

Due Process Clause of the 14th Amendment, her TRD should be November 23, 2033.

Williams also set forth a claim for relief under § 84-911. She sought declaratory relief that under Nebraska law, she completed the sentence of 2 to 5 years' imprisonment with credit for 224 days and the sentence of 1 year's imprisonment before being resentenced in 2016 to 60 to 80 years' imprisonment.

The prayer for relief in Williams' complaint requested several declarations concerning her sentences. It requested the court declare that (1) Williams' sentence of 2 to 5 years' imprisonment with credit for 224 days in custody began on July 1, 1994; (2) Williams' sentence of 1 year's imprisonment must be combined with the 1994 sentence for a total sentence of 3 to 6 years' imprisonment with credit for 224 days, effective and implemented as of July 1, 1994; (3) the combined sentence of 3 to 6 years' imprisonment was not affected by the order vacating the life sentence on the murder conviction and that DCS had no authority to suspend execution of the combined 3-to-6-year sentence; (4) the combined sentence of 3 to 6 years' imprisonment with credit for 224 days was completed on or about November 19, 1997; and (5) the only sentence being served by Williams is the sentence of 60 to 80 years' imprisonment with credit for 8,147 days imposed on March 16, 2016.

## Motion to Dismiss

DCS moved to dismiss the complaint. The motion asserted that the complaint failed to state a claim upon which relief can be granted and that the court lacked subject matter jurisdiction due to sovereign immunity.

## Judgment

The district court dismissed the case. With respect to the claim under § 1983, the court determined that Williams failed to state a claim upon which relief could be granted. It

cited a U.S. Supreme Court decision holding that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his [or her] confinement.'"[2] As to the challenge under § 84-911, the court determined that the State had not waived its sovereign immunity for a challenge to DCS' interpretation of state law. The court concluded that it lacked jurisdiction.

Williams appealed, and we granted her petition to bypass review by the Nebraska Court of Appeals.[3]

## ASSIGNMENTS OF ERROR

Williams assigns, consolidated and restated, that the district court erred in dismissing her claims under § 1983 and § 84-911.

## STANDARD OF REVIEW

[1,2] A district court's grant of a motion to dismiss is reviewed de novo.[4] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[5]

[3,4] Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter.[6] Subject matter jurisdiction is a question of law.[7] An appellate court independently reviews questions of law decided by a lower court.[8]

---

[2] *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

[3] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2022).

[4] *Schaeffer v. Frakes*, 313 Neb. 337, 984 N.W.2d 290 (2023).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

## ANALYSIS

[5] At this juncture, whether DCS correctly computed Williams' TRD is not before us. Instead, we accept as true the factual allegations in Williams' complaint. The issues framed before the district court and by Williams' assignments of error on appeal would constrain our review to whether she stated a claim upon which relief could be granted under § 1983 and whether the district court had jurisdiction to consider her claim under § 84-911. However, on appeal, DCS now urges that the case is not ripe. Because consideration should first be given to subject matter jurisdiction before considering possible dismissal based on a failure to state a claim for relief,[9] we address that argument first.

### Ripeness

[6-8] Ripeness is one component of subject matter jurisdiction; its fundamental principle is that courts should avoid entangling themselves, through premature adjudication, in abstract disagreements based on contingent future events that may not occur at all or may not occur as anticipated.[10] A determination regarding ripeness depends upon the circumstances in a given case and is a matter of degree.[11] An appellate court uses a two-part inquiry to determine ripeness: (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration.[12]

As to Williams' § 84-911 claim, our task is simple. The district court concluded that this claim was barred by sovereign immunity. As we noted above, sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter.[13]

---

[9] See *Engler v. State*, 283 Neb. 985, 814 N.W.2d 387 (2012).

[10] *Great Plains Livestock v. Midwest Ins. Exch.*, 312 Neb. 367, 979 N.W.2d 113 (2022).

[11] *Id*.

[12] *Id.*

[13] *Schaeffer v. Frakes, supra* note 4.

In this regard, DCS' ripeness argument would, at most, merely prefer one jurisdictional argument over another. We need not do so.

[9] But regarding Williams' § 1983 claim, the answer is not quite as simple. It is not clear that the limitation on § 1983 actions recognized by the U.S. Supreme Court and upon which the district court relied on below is, like sovereign immunity, jurisdictional in nature. At the same time, however, we have recognized that ripeness has a jurisdictional aspect and a mere prudential aspect.[14] Specifically, we have said that ripeness involves a "jurisdictional question of the fitness of the issues for judicial decision,"[15] which "goes to a court's ability to visit an issue [and] safeguards against judicial review of hypothetical or speculative disagreements,"[16] and a "prudential question"[17] concerning whether hardship will result if court consideration is delayed. Put another way, we have summarized the jurisdictional ripeness inquiry as asking whether a court "can act at a certain time" and the prudential ripeness inquiry as asking whether the court "should act at that time."[18]

In this case, we discern no jurisdictional ripeness barrier. Accepting the factual allegations in Williams' complaint as true, the parties currently have a nonhypothetical disagreement regarding whether DCS is violating her constitutional rights in its calculation of her mandatory discharge date. Assuming Williams presented this dispute in a cognizable vehicle, that type of legal question is typically one that is fit for a judicial decision.

---

[14] See *City of Omaha v. City of Elkhorn*, 276 Neb. 70, 752 N.W.2d 137 (2008).

[15] *Stewart v. Heineman*, 296 Neb. 262, 288, 892 N.W.2d 542, 560 (2017).

[16] *Id.* at 289, 892 N.W.2d at 560 (internal quotation marks omitted).

[17] *Id.* at 288, 892 N.W.2d at 560.

[18] *City of Omaha v. City of Elkhorn, supra* note 14, 276 Neb. at 79, 752 N.W.2d at 145.

Of course, as explained above, even if a case is jurisdictionally ripe, it may not be prudentially ripe, because there would be little to no hardship in delaying resolution. DCS' ripeness argument emphasizes this idea. It contends that there would be no harm in delaying resolution, because, even under Williams' calculations, she will not be entitled to discharge for another decade, and the dispute may, for some reason, dissipate by then. We need not, however, resolve this case on prudential ripeness grounds. Because prudential ripeness is not a matter of jurisdiction, we are not required to address it. And, as we will explain below, there is another issue that prevents us from reaching the merits of Williams' § 1983 claim and disposes of her assignment of error on that issue.

### § 1983 Claims

Williams' complaint set forth two claims for declaratory relief under § 1983. The first sought declaratory relief that it is an Eighth Amendment violation for DCS "to claim authority not to discharge her from the lawfully completed sentences and imprison [her] beyond the maximum term authorized by state law." The second sought declaratory relief that it is a violation of the 14th Amendment to imprison her beyond the term authorized by law. The issue before us is whether relief can be granted for such claims under § 1983.

[10] Section 1983 provides a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law.[19] A claim may fit within the contours of § 1983, but that does not necessarily mean such an action is proper. As the U.S. Supreme Court explained, challenges to the validity of a prisoner's confinement or to particulars affecting its duration are the province of habeas corpus, while requests for relief concerning circumstances of confinement may be presented in an action under § 1983.[20] While this rule

---

[19] *Schaeffer v. Frakes, supra* note 4.

[20] *Muhammad v. Close*, 540 U.S. 749, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004).

may seem straightforward, the U.S. Supreme Court has spoken to its application numerous times.[21]

Fifty years ago, the Court held that a § 1983 action could not be used when a state prisoner sought to challenge "the fact or duration of his [or her] confinement"[22] and sought either "immediate release from prison or . . . shortening the length of [his or her] confinement."[23] There, prisoners brought § 1983 actions to challenge the constitutionality of prison disciplinary proceedings that led to the loss of their good time credits. The Court determined that the prisoners could not pursue their claims under § 1983 because they were seeking a speedier release.

The following year, the Court considered a case where prisoners sought restoration of their good time credits, a declaration that prison disciplinary procedures were invalid, and damages.[24] The Court determined that the prisoners' good time credits could not be restored in an action under § 1983. But the Court stated that the prisoners could use § 1983 to obtain a declaration that disciplinary procedures were invalid and seek to have enjoined the prospective enforcement of invalid prison regulations.

[11] In *Wilkinson v. Dotson*,[25] the Court reviewed several of its decisions concerning § 1983 and habeas corpus. It observed that the focus had been on "the need to ensure that state prisoners use only habeas corpus (or similar state remedies) when they seek to invalidate the duration of their

---

[21] See *Wilkinson v. Dotson, supra* note 2 (discussing Court's previous decisions). See, also, *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011); *Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006).

[22] *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

[23] *Id*., 411 U.S. at 482.

[24] See *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

[25] *Wilkinson v. Dotson, supra* note 2.

confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."[26] The Court summarized that

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.[27]

In that case, the prisoners alleged due process violations in connection with parole adjudications and sought a new parole hearing under proper procedures. The Court found the claims to be cognizable under § 1983, because "neither prisoner's claim would necessarily spell speedier release."[28] It explained:

> Success for [William] Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for [Rogerico] Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term.[29]

Williams argues that she is not challenging the validity or the length of her sentences. Instead, she claims to be challenging the "administration of [the] sentences."[30] But success for Williams on the merits would necessarily imply the invalidity of the duration of her confinement as determined by DCS. She seeks a declaration that her TRD is 3 years earlier than that calculated by DCS. Because the relief

---

[26] *Id.*, 544 U.S. at 81 (emphasis in original).

[27] *Id.*, 544 U.S. at 81-82 (emphasis in original).

[28] *Id.*, 544 U.S. at 82.

[29] *Id.* (emphasis in original).

[30] Brief for appellant at 27.

she seeks would "necessarily spell speedier release,"[31] she has not stated a claim upon which relief can be granted under § 1983.

## § 84-911 Claim

Williams' complaint states that she "seeks declaratory relief as provided under . . . § 84-911 *et seq.* that pursuant to Nebraska statutes and case law she completed the [two shorter sentences]." The district court determined that the State had not waived its sovereign immunity under § 84-911 for such a challenge. We agree.

[12] Section 84-911 provides a limited statutory waiver of sovereign immunity and confers subject matter jurisdiction for a declaratory judgment concerning the validity of a state agency's rule or regulation.[32] The Legislature authorized judicial review "if it appears that [a] rule or regulation or its threatened application interferes with or impairs or threatens to interfere with or impair the legal rights or privileges of the petitioner."[33] A "[r]ule or regulation" is defined to mean "any standard of general application adopted by an agency in accordance with the authority conferred by statute."[34]

Williams' complaint referred to DCS regulations in connection with her allegations regarding exhaustion of administrative remedies. For example, it set forth how Williams exhausted the DCS inquiry and grievance process under 68 Neb. Admin. Code, chs. 1 and 2.

The complaint also referenced regulations pertaining to completion of sentences. It stated that DCS is responsible for implementing sentences under the law as required by 68 Neb. Admin. Code, ch. 1, and is required to release the inmate

---

[31] *Wilkinson v. Dotson, supra* note 2, 544 U.S. at 82.

[32] *Schaeffer v. Frakes, supra* note 4.

[33] § 84-911(1).

[34] Neb. Rev. Stat. § 84-901(2) (Cum. Supp. 2022).

upon completion of his or her sentence or term of parole under Neb. Rev. Stat. § 83-1,118(3) (Cum. Supp. 2022) and 68 Neb. Admin. Code, ch. 2. The complaint quoted four regulations found in 68 Neb. Admin. Code, ch. 1, and emphasized a regulation pertaining to an inmate's questions regarding computation of TRD.[35] Williams alleged that she had "the right to the accurate and correct computation of her mandatory date release from incarceration" under Neb. Rev. Stat. § 83-1,106 (Reissue 2014) and 68 Neb. Admin., chs. 1 and 2. She also made several references about how her TRD and mandatory discharge dates can be extended if good time is forfeited under 68 Neb. Admin. Code, chs. 5 and 6 (2023).

[13] After scouring Williams' complaint for a challenge to the validity of an agency rule or regulation or its threatened application, we find none. Rather, as the district court determined, Williams is challenging DCS' interpretation of state law relating to sentencing calculations rather than the validity of a rule or regulation. Section 84-911 does not confer jurisdiction for declaratory relief concerning judicial interpretation of a statute.[36] We conclude that the court lacked jurisdiction under § 84-911 for Williams' claims against DCS.

## OTHER AVENUE OF RELIEF

According to the district court's judgment, Williams brought the wrong causes of action. It stated that "instead of challenging the calculation of her sentences under . . . Nebraska's Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to [25-21,164], she brought this case under . . . § 1983 and . . . § 84-911 . . . , also seeking attorney fees." DCS' brief also observed that "Williams' complaint did not allege a cause of action under Nebraska's Uniform Declaratory Judgment[s] Act, which does not allow

---

[35] See 68 Neb. Admin. Code, ch. 1, § 004.

[36] See, *Schaeffer v. Frakes, supra* note 4; *Perryman v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 66, 568 N.W.2d 241 (1997), *disapproved on other grounds, Johnson v. Clarke*, 258 Neb. 316, 603 N.W.2d 373 (1999).

for recovery of attorney fees."[37] Given that Williams asserted no claim regarding the Uniform Declaratory Judgments Act, we express no opinion on the availability of relief under it.

## CONCLUSION

Because Williams' complaint essentially challenged the duration of her confinement, we conclude that it failed to state a claim upon which relief could be granted under § 1983. And because Williams failed to challenge the validity of a rule or regulation, the waiver of sovereign immunity in § 84-911 did not apply. Accordingly, we affirm the judgment of the district court.

Affirmed.

---

[37] Brief for appellees at 5.