Filed 12/20/23  In re M.L. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.L.,<br><br>Defendant and Appellant. | F085263<br><br>(Super. Ct. No. JW121703-04)<br><br>**OPINION** |

### THE COURT\*

APPEAL from orders of the Superior Court of Kern County.  Lorna H. Brumfield (Retired Judge of the Kern County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Wendy L. Avila, Judge.†

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*     Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

†     Judge Brumfield ruled at the jurisdictional hearing; Judge Avila ruled at the dispositional hearing.

-ooOoo-

Minor M.L. contends on appeal that the juvenile court's jurisdictional findings and disposition order must be reversed and remanded because there is insufficient evidence supporting her convictions for battery on a peace officer and violating the terms of her probation.  We affirm.

## PROCEDURAL SUMMARY

### Minor's Juvenile Dependency History

Minor was made a dependent child of the juvenile court at the age of two, pursuant to Welfare and Institutions Code section 300.[1]  Parental rights were terminated in 2013, and she was adopted by her grandparents.  She has an intellectual disability and an individual education plan for emotional disturbance.  Following the death of her grandfather in August 2021, she attempted suicide multiple times and was placed on several psychiatric holds.

### Minor's Juvenile Delinquency History

An original petition filed against minor on November 15, 2021, resulted in probation for misdemeanor battery (Pen. Code, § 243, subd. (a)).

A first subsequent petition filed against minor on January 18, 2022, was sustained for misdemeanor battery on a peace officer (Pen. Code, § 243, subd. (b)).

A second subsequent petition filed against minor on April 5, 2022, was sustained for driving a stolen vehicle (Veh. Code, § 10851, subd. (a)), misdemeanor resisting arrest (Pen. Code, § 148, subd. (a)(1)), and driving without a valid driver's license (Veh. Code, § 12500, subd. (a)).

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise noted.

2

*Minor's July 22, 2022 Petition*

On July 22, 2022, the Kern County District Attorney filed a third subsequent petition, pursuant to sections 602 and 777, subdivision (a)(2), alleging minor committed misdemeanor battery on a juvenile correctional officer (Pen. Code, § 243, subd. (b); count 1) and violated the terms of her probation (§ 777, subd. (a)(2); count 2).

On July 25, 2022, minor denied the allegations of the third subsequent petition.

On August 26, 2022, a contested jurisdictional hearing was held. The juvenile court denied minor's motion to dismiss pursuant to section 701.1. The court sustained both counts of the petition.

On September 12, 2022, the juvenile court committed minor to confinement time at Pathways Academy for a term of two years four months, less 99 days of credit for time served. Upon completion of Pathways Academy, the court ordered minor to be released to the custody of her adoptive mother.[2] Minor was also ordered to complete substance abuse counseling. Pursuant to section 730.7, minor and her parent were held jointly and severally liable for any restitution, fines, and penalty assessments ordered by the court. A restitution fine of $50 was imposed on minor.

On November 10, 2022, minor filed a notice of appeal.

## FACTUAL SUMMARY

On July 20, 2022, minor was transported from the youth detention center where she was housed to "central school."[3] Three corrections officers, including officer Jocelyn Andrade, were involved in the transport because minor attempted to "AWOL" the day before.

---

[2]    Minor's grandmother is also her adoptive mother.

[3]    Minor attended "central school" because she was not an "orange shirt." Juveniles who are "orange shirts" are at a higher security level than minor and attend an educational program at the youth detention center where they are housed. Minor stated that she wanted to be an "orange shirt" because she preferred the pace of schooling in that program more than that of "central school."

3

During the transport, minor made "a few comments here and there," including " 'You guys want to get a head start?' " Believing minor was referring to her attempt to "AWOL" the previous day, Andrade told minor, " 'Don't start.' "

During the transport, minor refused to comply with the officers' orders. She stopped to tighten her shoe straps and, after the school gate was closed, got out of line and started skipping around the middle of the yard. Andrade told her to get on the ground. Minor ignored her directive, so Andrade grabbed ahold of her and placed her hands behind her back. Minor did not resist, so Andrade did not place her in handcuffs, but took her from the school and transported her back to her unit at the detention center.

Andrade testified that as they entered the unit and headed towards minor's room, minor "aggressively" kicked a trash can while Andrade maintained control of minor's hands. Andrade testified that minor attempted to break free of her grip on minor's hands as she kicked the trash can, and that she then pinned minor up against the wall to maintain compliance and control.

Andrade stated that minor then turned her body and swung towards Andrade's facial area with a closed fist an unknown number of times. Andrade placed minor on the ground and minor was pepper sprayed by another officer.

Andrade suffered minor facial bruising. Andrade testified that "[d]ue to … having … sunglasses on at the time," she suffered "just some facial minor bruising." Photos of Andrade's facial bruises were admitted as exhibits.

### Defense Case

A video of the incident was admitted as an exhibit and played in court. Defense counsel argued the video showed minor did not swing her fist at Andrade because minor's arms were never free of Andrade's grip and minor was pinned against the wall and placed on the ground as soon as she kicked the trash can.

# DISCUSSION

Minor contends there is not substantial evidence to support her conviction for battery on a peace officer.  The People disagree.  We agree with the People.

## A.  *Background*

At the jurisdictional hearing, Andrade testified about the events leading to her pinning minor against the wall.  She stated that after minor was placed on the ground for disobeying orders en route to "central school," she placed minor's hands behind her back and, as "she wasn't being resistive at the time … [Andrade] didn't deem it necessary to place her in handcuffs" while she transported minor back to her unit.  Andrade and the prosecution then had the following exchange:

> "[ANDRADE:]  … We walked towards the direction of her room [after entering the unit].

> "[PROSECUTION:]  And then what happened next?

> "[ANDRADE:]  [Minor] aggressively kicked the trash can as I still maintained control of her hands.

> "[PROSECUTION:]  And what happened next?

> "[ANDRADE:]  While she was kicking the trash can, she simultaneously attempted to let go of my grip.

> "[PROSECUTION:]  And what happened after that?

> "[ANDRADE:]  For me to gain compliance and control, I went ahead and pinned her up against the wall."

The juvenile court admitted a surveillance video from the detention center showing the incident.  The video shows minor walking down the hall with Andrade behind her.  Andrade is using both hands to hold onto minor's right hand, which is behind minor's back.  Minor suddenly kicks a large trash can over and the pair move in the direction of the wall.  The view of minor's right hand is somewhat obscured by Andrade but, when they turn towards the hall, minor's right hand is twisted higher up her back

5

with Andrade holding onto it. As they reach the wall, minor twists away, raises her left hand and strikes at Andrade's head and face, and they fall to the floor and continue struggling with each other.

The prosecution argued the video of the incident showed a struggle where minor attempted to grab Andrade and fight with her after minor kicked the trash can.

Defense counsel argued the video did not show any evidence of minor attacking Andrade after Andrade pinned her against the wall. Defense counsel brought a motion to dismiss count 1, battery on a peace officer, pursuant to section 701.1.

The juvenile court denied the motion. The court stated the video showed minor resisted Andrade upon being pinned to the wall after kicking the trash can. The court stated,

> "[W]e can watch the video again, but that's why I got up close to [the video]. I don't know if [minor] punched [Andrade] with a fist in the face, but she was clearly moving her arms towards the officer. She was pushed up against the wall after she kicked the trash can, but she was resisting and moving her arms towards the officer, and then she was taken to the ground. I agree to the extent that I'm—I don't believe she actually got a fist in her face, but she definitely was trying to strike the officer. I saw her shoulder and her arm move, which is why I came down into the well to get close to the video because I wanted to see that particular part of the video before [minor] was taken to the ground. I believe that I saw her strike the officer. Not necessarily punch her in the face, but I saw her—I saw her shoulder movement and her arm movement towards the officer when she was being pushed up against the wall right before she was taken to the ground and then subsequently [pepper] sprayed. So I'm going to deny the motion."

### B. Law

We review the minor's contentions using the same standard of review that applies in adult criminal cases. (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.) "Specifically, we determine whether substantial evidence—'evidence that is reasonable, credible, and of solid value'—supports the juvenile court's findings. [Citation.] We view the evidence 'in the light most favorable to the prosecution and presume in support of the [findings]

6

the existence of every fact the [court] could reasonably have deduced from the evidence.' [Citation.] We 'accept [all] logical inferences that the [court] might have drawn from the … evidence' [citation], but reject inferences ' "based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guess work [citations]." ' We will reverse only if ' "it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the [court's findings].' " (*In re I.A.* (2020) 48 Cal.App.5th 767, 778.)

Although we review the whole record, "[t]he uncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable." (*People v. Scott* (1978) 21 Cal.3d 284, 296; see *People v. Panah* (2005) 35 Cal.4th 395, 489.)

Pursuant to Penal Code section 243, subdivision (b), battery on a peace officer is any willful and unlawful use of force or violence against the person of a peace officer engaged in the performance of his or her duties, where the defendant knew, or reasonably should have known, the victim was a peace officer. (*People v. Lindsay* (1989) 209 Cal.App.3d 849, 857.)

" 'A battery is any willful and unlawful use of force or violence upon the person of another.' [Citation.] 'Any harmful or offensive touching constitutes an unlawful use of force or violence' under this statute. [Citations.] 'It has long been established that "the least touching" may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 404–405.)

Battery is a general intent crime. (*People v. Lara* (1996) 44 Cal.App.4th 102, 107 (*Lara*).) " 'Reckless conduct alone does not constitute a sufficient basis for … battery ….' [Citation.] However, if an act ' "inherently dangerous to others" … [is] done "with conscious disregard of human life and safety," the perpetrator must be aware of the

7

nature of the conduct and choose to ignore its potential for injury, i.e., act willfully….' " (*Id*. at pp. 107–108.)

A conviction for battery on a peace officer pursuant to Penal Code section 243, subdivision (b) requires the officer be engaged in lawful duties and not using excessive force when the defendant commits battery against the officer. (*In re Joseph F*. (2000) 85 Cal.App.4th 975, 982 [*Joseph F.*]; *People v. White* (1980) 101 Cal.App.3d 161, 166.)

"The reasonableness of a particular use of force is judged from the perspective of a reasonable officer on the scene, not by the 20/20 vision of hindsight. The inquiry is an objective one: Was the officer's action objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation? [Citation.] It is a pure question of fact whether a police officer used reasonable force in detaining a defendant, so reviewing courts determine if there is sufficient evidence in the record for a reasonable trier of fact to conclude that the force used in effectuating a detention was reasonable." (*Joseph F.*, *supra*, 85 Cal.App.4th at pp. 989–990.)

### C.    *Analysis*

Here, there is sufficient evidence to support the juvenile court's finding that minor committed battery on a peace officer pursuant to Penal Code section 243, subdivision (b). The record does not support minor's contention that Andrade used excessive force. The record also shows minor touched Andrade in a manner that constituted battery pursuant to Penal Code section 243, subdivision (b).

Minor first contends there is insufficient evidence of battery on a peace officer because Andrade used excessive force and was thus not engaged in the lawful performance of her duties. She argues Andrade used excessive force when she pinned her against the wall "without provocation" because Andrade "lost patience" after minor kicked a trash can while being transported to her cell. She argues that "kicking the trash can was the specific act that resulted in [minor] being thrown up against the wall by … Andrade," and that "minor was being compliant."

8

However, viewing Andrade's actions from the perspective of a reasonable officer on the scene to determine whether her actions were objectively reasonable in light of the facts and circumstances confronting her, we conclude there is sufficient evidence on the record for the juvenile court to find the force she used to pin minor against the wall to maintain her grip on minor's wrists was reasonable because Andrade testified that she pinned minor against the wall in an effort to maintain her grip on minor's hands when minor attempted to break free of her grip at the same time minor kicked the trash can. (See *Joseph F.*, *supra*, 85 Cal.App.4th at pp. 989–990.)

Here, Andrade testified that she was gripping minor's hands but not using handcuffs because minor seemed to be compliant on the transport back to her cell, but minor suddenly became noncompliant again and attempted to remove her hands from Andrade's grip as she kicked the trash can. The juvenile court was entitled to find Andrade's testimony credible, as it was neither physically impossible nor inherently improbable, and was not inconsistent with the video recording of the incident showing minor simultaneously kicking the trash can and moving her arms and shoulders. (See *People v. Scott*, *supra*, 21 Cal.3d at p. 296; see also *People v. Panah*, *supra*, 35 Cal.4th at p. 489.) The video shows minor being escorted down the hallway by Andrade, with Andrade's hands on minor's right hand, held behind minor's back. Minor kicks the trash can, but it is difficult to view in the video what minor then does with her right hand that is held by Andrade's hands, as it is obscured by Andrade. However, Andrade then turns minor towards the wall of the hallway, and minor's right hand and arm, still held by Andrade's hands, are much further up her back than before, consistent with twisting her arm to release it from Andrade's grip. As minor nears the wall, she twists away from Andrade and strikes Andrade's head and face area with her left hand as Andrade struggles to maintain her grip on minor's right hand and both fall to the floor. From the perspective of a reasonable officer transporting a juvenile who had minutes earlier been noncompliant, and then suddenly attempted to escape her grip, the record shows the force

9

used by Andrade to restrain minor by pinning her against the wall to prevent her from breaking free was reasonable.

Moreover, the force Andrade used did not involve a weapon or infliction of bodily harm, as there was no testimony or evidence of physical injury to minor from being pinned against the wall. (See *In re Ramon T.* (1997) 57 Cal.App.4th 201, 206 [no excessive force when officer put arm around the defendant's chest but caused no distress or facial discoloration].) Further, minor neither moved nor argued at the hearing that Andrade applied excessive force in effectuating the detention. Accordingly, there is sufficient evidence to support the juvenile court's implied finding that Andrade did not use excessive force.

Minor further argues she did not commit battery because she did not assault Andrade " 'with conscious disregard for human life and safety,' " and was instead "in the throes of an emotional collapse." Minor contends that her offense of battery on a peace officer "appears directly related to the minor's educational status as a child with an intellectual disability" because minor "wanted to become an orange shirt … due to her educational deficits" and was "being transported to a school setting that did not meet her needs" when she was being transported to "central school" by Andrade earlier on the day of the incident.

However, there is sufficient evidence on the record that minor's touching of Andrade constituted battery. For battery, "[t]he slightest degree of touching is sufficient." (*In re B.L.* (2015) 239 Cal.App.4th 1491, 1495.) Here, the record shows minor touched Andrade in an effort to strike her. As the juvenile court stated, the video of the incident shows minor resisted Andrade while she was against the wall and moved towards Andrade with her arm and shoulder, striking her. The court stated, "[Minor] definitely was trying to strike the officer. I saw her shoulder and her arm move …. I believe that I saw her strike the officer. Not necessarily punch her in the face, but … I saw her shoulder movement and her arm movement towards the officer when she was

10

being pushed up against the wall right before she was taken to the ground and then subsequently [pepper] sprayed." The video shows minor strike at Andrade's head and face area with her free left hand as she twisted away from the wall, and they fell to the floor.

Further, the juvenile court was entitled to find that minor acted willfully, as required for battery. (See *Lara*, *supra*, 44 Cal.App.4th at p. 108.) In addition to the video showing that minor moved her shoulder and arm towards Andrade, striking her, Andrade testified that after she pinned minor against the wall to maintain her grip on minor's hands, minor "turned her body and swung towards [Andrade's] facial area … as [Andrade] attempted to block [her] face as [minor] swung towards [her] facial area." As discussed above, the court was entitled to find Andrade's testimony credible, as it was neither physically impossible, nor inherently improbable. (See *People v. Scott*, *supra*, 21 Cal.3d at p. 296; see also *People v. Panah*, *supra*, 35 Cal.4th at p. 489.) The video and Andrade's testimony are sufficient evidence to support the court's finding that minor's movements towards Andrade with her arm and shoulder, resulting in minor striking Andrade in the face, were willful and that minor was aware of the nature of the conduct and chose to ignore its potential for injury. (See *Lara*, *supra*, 44 Cal.App.4th at p. 108.)

Accordingly, there was sufficient evidence presented to the trial court to sustain a finding that minor committed battery on a peace officer (Pen. Code, § 243, subd. (b)).[4]

---

**4**      Minor also states in the last line of her opening brief that there is also insufficient evidence to support the court's finding on count 2 that she violated the terms of probation. She implies it is because she was not told that kicking a trash can was a violation of juvenile court rules and regulations. However, this argument lacks a separate heading.

     We may disregard arguments not properly presented under appropriate headings. (See Cal. Rules of Court, rule 8.204 (a)(1) ["Each brief must: [¶] … [¶] (B) State each point under a separate heading or subheading summarizing the point, and support each point by argument"]; *Winslett v. 1811 27th Avenue LLC* (2018) 26 Cal.App.5th 239, 248,

**DISPOSITION**

We affirm.

---

fn. 6 ["Arguments not raised by a separate heading in an opening brief will be deemed waived"]; *Alameida v. State Personnel Bd.* (2004) 120 Cal.App.4th 46, 59 ["We may disregard arguments not properly presented under appropriate headings"]; *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4 ["The failure to head an argument … constitutes a waiver"].)

However, regardless of minor's failure to properly present the argument, there is sufficient evidence minor violated the terms of her probation, as the court stated it found she violated probation not only by failing to follow the rules of juvenile hall, but also by having a new law violation, for battery on a peace officer (Pen. Code, § 234, subd. (a)), which violated the terms of her probation.

12