Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/28/2025 09:10 AM CDT

Erin-Ann Scott, mother and next friend of E.S.,
a minor child, appellee, v. Lancaster County
School District 0001, doing business as
Lincoln Public Schools, et al., appellants.

___ N.W.3d ___

Filed March 28, 2025.    No. S-24-495.

1. **Immunity: Jurisdiction.** The presence of sovereign immunity is a jurisdictional matter.
2. **Political Subdivisions Tort Claims Act: Appeal and Error.** Whether a plaintiff's negligence claims are precluded by an exemption to the Political Subdivisions Tort Claims Act is a question of law for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court.
3. **Summary Judgment: Appeal and Error.** An appellate court reviews the district court's ruling on a motion for summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
5. **Political Subdivisions Tort Claims Act: Schools and School Districts.** Public school districts are political subdivisions for purposes of the Political Subdivisions Tort Claims Act.
6. **Political Subdivisions Tort Claims Act: Immunity: Liability.** If a political subdivision proves that a plaintiff's claim comes within an exemption pursuant to Neb. Rev. Stat. § 13-910 (Reissue 2022), then the claim fails based on sovereign immunity, and the political subdivision is not liable.
7. **Torts: Battery: Words and Phrases.** The intentional tort of battery is defined as an actual infliction of an unconsented injury upon or unconsented contact with another.

8. **Battery.** A harmful contact intentionally done is the essence of battery.
9. **Torts: Battery: Assault: Intent: Words and Phrases.** The intent required for a battery or an assault contemplates only the intent to cause physical contact or injury or arouse an apprehension of imminent injury, as the assailant need not intend the precise or particular injury which followed as the result of the assault or battery.
10. **Summary Judgment.** Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
11. **Political Subdivisions Tort Claims Act: Battery.** Although whether a claim is precluded by an exemption to the Political Subdivisions Tort Claims Act is generally a question of law, whether an object is considered part of a plaintiff's body for purposes of an offensive contact battery is determined on an objective reasonable person basis.

Appeal from the District Court for Lancaster County, Darla S. Ideus, Judge. Affirmed.

Joshua J. Schauer and Haleigh B. Carlson, of Perry, Guthery, Haase & Gessford, P.C., L.L.O., for appellants.

Terry C. Dougherty and Joseph F. Willms, of Woods Aitken, L.L.P., for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Cassel, J.

## INTRODUCTION

During a game of "tag," an elementary school student's classmate grabbed a "pool noodle" held by the student, who then fell and sustained injuries. The student sued the public school district for negligence. Asserting the sovereign immunity exemption for a claim arising out of a battery, the district moved for summary judgment. The district court overruled the motion, finding a dispute of fact regarding whether the object was part of the student's body. In this interlocutory appeal, we agree that there is a factual dispute that precludes summary judgment. We affirm.

## BACKGROUND

A 10-year-old student attending an elementary school in Lincoln, Nebraska, sustained an injury while playing a game of tag during a physical education class. During the game, the student stood in the middle of the gymnasium floor with a "pool noodle" that was to be used to touch or tag her classmates as the classmates ran from one end of the floor to the other. Once tagged, the classmate was to sit down on the floor. Grabbing the pool noodle after getting tagged was not part of the rules of the game.

After the student tagged K.H. with the pool noodle, K.H. grabbed the pool noodle. K.H. yanked and "swayed" the pool noodle as the student tried to hang onto it. The student did not consent to the yanking, swaying, and grabbing of the pool noodle. The pool noodle slipped out of the student's hands, and she fell backward, hitting her head on the floor.

Erin-Ann Scott, mother and next friend of the student, brought a negligence suit against Lancaster County School District 0001, doing business as Lincoln Public Schools; Board of Education of Lincoln, Nebraska; Dr. Steve Joel; Dr. Paul Gausman; Laurel Heidbrink (collectively LPS); and "John or Jane Does, 1-4." LPS asserted in its answer that it had sovereign immunity and that the claims were barred under two exemptions set forth in the Political Subdivisions Tort Claims Act (PSTCA),[1] particularly the discretionary function exemption[2] and the intentional torts exemption.[3]

LPS moved for summary judgment. It argued that it was immune from suit because the claim arose out of K.H.'s battery of the student.

But the student's mother and next friend argued that K.H.'s conduct could not be considered a battery because K.H. was not of sufficient age and maturity to possess the capacity to

---

[1] Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2022).

[2] § 13-910(2).

[3] § 13-910(7).

form the intent to commit battery and because the pool noodle should not be considered a part of the student's person. The pool noodle was a 3-foot-long piece of foam purchased by the physical education teacher. According to the student's affidavit, nothing that K.H. did while holding the pool noodle caused her to have an emotional reaction, apprehension, or fear of unwanted contact or injury. The student did not regard the pool noodle as part of her person. She described it as "a piece of foam, provided by the gym teacher, to be used as an object in a game of tag."

The district court overruled the motion for summary judgment. The court stated there was no question that K.H. intended to grab the pool noodle and that the student admitted she did not consent to the contact. The court viewed the critical inquiry to be whether the pool noodle was part of the student's person. And the court stated that whether an item is intimately connected to a person's body is a question of fact. The court recognized that the facts of this case differed from other cases because the student was not holding something she owned and because she did not choose to hold the pool noodle, but, rather, she was instructed to do so by an adult. Ultimately, the court concluded that whether the pool noodle was part of the student's person was a disputed question of fact that precluded summary judgment.

Within 30 days after entry of that order, LPS appealed. We granted LPS' petition to bypass review by the Nebraska Court of Appeals.[4]

ASSIGNMENTS OF ERROR

LPS assigns three errors which, consolidated and restated, allege that after finding that the contact was intentional and done without consent, the district court erred in failing to dismiss the case for lack of subject matter jurisdiction, because LPS retained sovereign immunity for claims arising out of a battery.

---

[4] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2024).

## STANDARD OF REVIEW

[1,2] The presence of sovereign immunity is a jurisdictional matter.[5] Whether a plaintiff's negligence claims are precluded by an exemption to the PSTCA is a question of law for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court.[6]

[3] An appellate court reviews the district court's ruling on a motion for summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.[7]

## ANALYSIS

### Appellate Jurisdiction

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[8] LPS asserts that we have jurisdiction to consider this appeal. We agree.

Nearly 6 years ago, the Legislature created a new category of final orders for purposes of appeal.[9] Under Neb. Rev. Stat. § 25-1902(1)(d) (Cum. Supp. 2024), a final order includes an order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.

Here, the requirements of § 25-1902(1)(d) are met. First, the district court's order overruled the motion for summary judgment. Second, the motion was based on the assertion of sovereign immunity. Although the motion itself merely stated that "there is no genuine issue of material fact," LPS' brief in support of its motion argued that LPS was immune from the

---

[5] *Garcia v. City of Omaha*, 316 Neb. 817, 7 N.W.3d 188 (2024).

[6] *Id.*

[7] *Id.*

[8] *Simpson v. Lincoln Public Schools*, 316 Neb. 246, 4 N.W.3d 172 (2024).

[9] See 2019 Neb. Laws, L.B. 179, § 1.

claims under the intentional torts exemption. Because LPS' argument in seeking summary judgment was that the claim fell within an exemption to the PSTCA, the motion was based on the assertion of sovereign immunity within the meaning of § 25-1902(1)(d).[10] Having jurisdiction of this appeal, we turn now to the exemption that LPS seeks to have applied.

## Exemption for Claim
## Arising Out of Battery

[5,6] LPS is a public school district. Public school districts are political subdivisions for purposes of the PSTCA.[11] If a political subdivision proves that a plaintiff's claim comes within an exemption pursuant to § 13-910, then the claim fails based on sovereign immunity, and the political subdivision is not liable.[12] In that situation, the proper remedy is to dismiss the claim for lack of subject matter jurisdiction.[13]

LPS asserts that the student's claim comes within the exemption in § 13-910(7) because it arises out of battery. For purposes of this opinion, we are not required to decide whether the claim arose from a battery; rather, we decide only whether there is a fact question regarding the existence of a battery. We turn our focus to the specified tort.

[7-9] The intentional tort of battery is defined as an actual infliction of an unconsented injury upon or unconsented contact with another.[14] A harmful contact intentionally done is the essence of battery.[15] The intent required for a battery or an assault contemplates only the intent to cause physical contact or injury or arouse an apprehension of imminent injury, as

---

[10] See *Simpson v. Lincoln Public Schools, supra* note 8.

[11] *MacFarlane v. Sarpy Cty. Sch. Dist. 77-0037*, 316 Neb. 705, 6 N.W.3d 527 (2024).

[12] *Id.*

[13] See *Joshua M. v. State*, 316 Neb. 446, 5 N.W.3d 454 (2024).

[14] *Dion v. City of Omaha*, 311 Neb. 522, 973 N.W.2d 666 (2022).

[15] *Id.*

the assailant need not intend the precise or particular injury which followed as the result of the assault or battery.[16]

There is no dispute that K.H. grabbed onto the pool noodle that the student was holding and that the student did not consent to K.H.'s grabbing, yanking, or swaying the pool noodle. LPS contends intentional, unconsented to contact is sufficient for battery.

But K.H. did not actually touch the student; rather, K.H.'s contact was with something in the student's hands. The question is whether such touching qualifies as contact with the student's body.

The parties and the district court cited commentary contained in a legal treatise on tort law. With respect to the "[m]eaning of 'contact with another's person,'" it stated in part:

> Since the essence of the plaintiff's grievance consists in the offense to the dignity involved in the unpermitted and intentional invasion of the inviolability of his person and not in any physical harm done to his body, it is not necessary that the plaintiff's actual body be disturbed. Unpermitted and intentional contacts with anything so connected with the body as to be customarily regarded as part of the other's person and therefore as partaking of its inviolability is actionable as an offensive contact with his person. There are some things such as clothing or a cane or, indeed, anything directly grasped by the hand which are so intimately connected with one's body as to be universally regarded as part of the person. On the other hand, there may be things which are attached to one's body with a connection so slight that they are not so regarded. The line of distinction is very difficult to draw. It is a thing which is felt rather than one to be defined, since it depends upon an emotional reaction.[17]

---

[16] *Bergman v. Anderson*, 226 Neb. 333, 411 N.W.2d 336 (1987).

[17] Restatement (Second) of Torts § 18, comment *c.* at 31 (1965).

The parties disagree about whether K.H.'s contact with the pool noodle held by the student constituted contact with the student. LPS argues that "unconsented contact with items held by the person is the same as contact with the person" for purposes of a battery.[18] And here, the pool noodle was being used as an extension of the student's arm for purposes of the game. However, the student stated in her affidavit that she did not consider the pool noodle to have "even a remote connection to [her] body." She further stated that she "did not regard it as any part of [her] person, and the fact that [she] was touching it at the same time as [K.H.] did not make [her] regard it as part of [her] body."

[10] Due to the procedural posture of the case, this disagreement matters. We are reviewing a ruling on a motion for summary judgment. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[19] And because the student is the nonmoving party, we must view the record in the light most favorable to her and draw all reasonable inferences in her favor.

[11] Although whether a claim is precluded by an exemption to the PSTCA is generally a question of law, whether an object is considered part of a plaintiff's body for purposes of an offensive contact battery is determined on an objective reasonable person basis. Whether a contact is offensive depends on whether it "offends a reasonable sense of personal dignity."[20] "[I]t must be one which would offend the ordinary person . . . . It must, therefore, be a contact which is unwarranted by the social usages prevalent at the time and place

---

[18] Brief for appellants at 23.

[19] *Clark v. Scheels All Sports*, 314 Neb. 49, 989 N.W.2d 39 (2023).

[20] Restatement, *supra* note 17, § 19 at 35.

at which it is inflicted."[21] Courts have frequently found an offensive contact with the plaintiff's person when an object is grabbed from a plaintiff's hand,[22] but not always.[23] And the situation here is unusual because the parties have cited, and our research has uncovered, only cases in which a plaintiff is claiming that contact with something in the plaintiff's hand *is* a battery.

Ultimately, the question boils down to whether a reasonable fact finder could reach either conclusion, i.e., that the pool noodle either was or was not part of the student's body. Important to that question is whether a reasonable person would find the contact to be offensive under the circumstances. We are mindful that the incident occurred between fifth grade students playing a game as part of a physical education class with a pool noodle supplied by the teacher.

Viewing the evidence most favorably to the student, we agree with the district court that there is a genuine issue of material fact about whether the pool noodle was part of the student's body. And because of this factual dispute, the district court properly overruled the motion for summary judgment.

## CONCLUSION

As explained above, we conclude:

- The district court's order overruling LPS' motion for summary judgment was appealable pursuant to § 25-1902(1)(d),

---

[21] *Id.*, § 19, comment *a*. at 35.

[22] See, e.g., *Picard v. Barry Pontiac-Buick, Inc.*, 654 A.2d 690 (R.I. 1995) (mechanic touching camera in customer's hand); *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex. 1967) (snatching plate from customer in buffet line); *In re B.L.*, 239 Cal. App. 4th 1491, 192 Cal. Rptr. 3d 154 (2015) (student slapping walkie-talkie out of teacher's hand); *Reynolds v. MacFarlane*, 322 P.3d 755 (Utah App. 2014) (taking $10 bill from coworker's hand).

[23] See, *Helton v. Whitley County Fiscal Court*, No. 6:22-CV-140-CHB, slip op., 2025 WL 47539 (E.D. Ky. Jan. 7, 2025) (taking letter from plaintiff's hand not offensive); *Workman v. United Fixtures Co.*, 116 F. Supp. 2d 885 (W.D. Mich. 2000) (grabbing prescription note not offensive).

because the motion was based on the assertion that LPS was immune from the claim under § 13-910(7) as one arising out of battery.
• In this interlocutory appeal, we are addressing only whether there is a fact question regarding an element of a battery.
• Although whether a claim is precluded by an exemption to the PSTCA is generally a question of law, whether an object is considered part of a plaintiff's body for purposes of an offensive contact battery is determined on an objective reasonable person basis.
• Even though K.H.'s contact with the pool noodle was intentional, there is a factual dispute about whether the contact with the pool noodle held by the student was offensive contact with the student's body.

Because there is a genuine issue of material fact, we affirm the order of the district court overruling LPS' motion for summary judgment.

Affirmed.