KELLY R. BAILEY, APPELLANT, V. CITY OF NORTH PLATTE, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

359 N.W.2d 766

Filed December 21, 1984.   No. 83-690.

Allen L. Fugate of Schneider & Fugate, P.C., for appellant.

Frank E. Piccolo of Murphy, Pederson, Piccolo & Pederson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The plaintiff has appealed from the order of the district court which sustained defendant's motion for summary judgment and ordered plaintiff's petition dismissed. Plaintiff assigns as error that the trial court incorrectly determined that the city of North Platte was an "owner" within the meaning of the Recreation Liability Act, Neb. Rev. Stat. §§ 37-1001 et seq. (Reissue 1984), and in determining that no material issue of fact existed as to whether the city charged an entrance fee for the use of its softball diamond. We affirm.

The plaintiff was injured on June 11, 1980, while playing softball at Cody Park. The park is owned by the city of North Platte. Plaintiff was a member of a softball team sponsored by the Coors distributor, which participated in the North Platte Softball Association league. While running after a pop fly, the plaintiff stepped in a hole in the outfield and injured his knee.

This action was brought under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983). In his petition the plaintiff alleged that the city of North Platte was the owner of Cody Park and was guilty of negligence in permitting the existence of the hole in the ballfield. He did not claim that the city was guilty of willful or malicious conduct, nor did he allege that the city charged him a fee for entrance onto its land.

An owner of land made available for public recreational purposes owes no duty to keep the premises safe or to warn of dangerous conditions. § 37-1002. However, that immunity is not available in the case of willful or malicious conduct on the part of the landowner, or if the landowner charged the victim a fee to enter or go on the land. § 37-1005.

In *Watson v. City of Omaha*, 209 Neb. 835, 312 N.W.2d 256 (1981), this court squarely held that the term "owner" as used in the Recreation Liability Act included political subdivisions as well as private persons. The plaintiff urges us to overrule *Watson*. We decline to do so and adhere to our previous holding. There is no merit to the plaintiff's first assignment of

error.

The defendant produced evidence by means of plaintiff's deposition in which he stated categorically that he had paid no fee to enter the park or to use the ball diamond. Such fact would demonstrate that defendant was entitled to a judgment if that evidence was uncontroverted. That shifted the burden of proof to the plaintiff to produce evidence in opposition thereto. *Hanzlik v. Paustian*, 211 Neb. 322, 318 N.W.2d 712 (1982).

The closest plaintiff came to discharging the obligation was his testimony that he *thought* Coors paid an entry fee for the team in an amount of somewhere around $160, but he had no idea to whom it was paid or for what it was paid. Plaintiff's counsel was given permission to submit evidence surrounding the nature and purpose of that fee, but failed to do so. A prima facie showing of entitlement to a summary judgment was made by the defendant. Because there was no competent evidence offered by the plaintiff that there was a genuine issue as to a material fact, the motion for summary judgment was properly sustained. *Hanzlik v. Paustian, supra.*

The judgment of the district court is affirmed.

AFFIRMED.

GRANT, J., dissenting.

For the reasons set forth in the dissenting opinion in *Watson v. City of Omaha*, 209 Neb. 835, 312 N.W.2d 256 (1981), and in the dissenting opinion in *Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984), I respectfully dissent.

I would reverse on the ground that a municipality is not an owner within the meaning of the Recreation Liability Act, Neb. Rev. Stat. §§ 37-1001 et seq. (Reissue 1984).

WHITE and SHANAHAN, JJ., join in this dissent.