KATHERINE THIES, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.

408 N.W.2d 306

Filed July 2, 1987. No. 85-818.

Elaine M. Martin of Martin & Martin, for appellant.

Herbert M. Fitle, Omaha City Attorney, James E. Fellows, and Denise A. Hill, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

· PER CURIAM.

The appellant, Katherine Thies, brought this tort action against the City of Omaha, alleging that the city was willfully and maliciously negligent in its care of a slide, in the Central Park Mall, upon which she was injured. In a bench trial, the district court for Douglas County found that the slide was dangerously steep and short and caused Thies to be propelled at high velocity onto the ground, causing her injuries. It found that the city was negligent and that Thies was not contributorily negligent in failing to put her feet down, nor did she assume a risk of injury by sliding. However, the court noted that sliding was a recreational activity and found "as a fact that defendant's negligence was neither willful or malicious within the meaning of the [Recreation Liability] Act." In accord with this finding, judgment was rendered in favor of the City of Omaha.

Thies urges this court to reverse on three grounds: first, that the finding that the city did not act maliciously or willfully is contrary to the evidence; second, that the publicized attempts by the city to make the slides safe makes the city liable for negligence, because it gratuitously undertook to make the slides safe and was negligent in doing so; and third, that the city is not protected by the Recreation Liability Act, Neb. Rev. Stat. §§ 37-1001 et seq. (Reissue 1984), under the facts and pleadings of the case. We affirm the judgment of the district court.

The Recreation Liability Act seeks to encourage owners of land to make their land available free to the public for recreational purposes by limiting their liability. The owner owes no duty of care to keep the premises safe, § 37-1002. The only exceptions are for willful or malicious failure to guard or warn, and where the owner charges a fee for entry, § 37-1005.

In *Watson v. City of Omaha*, 209 Neb. 835, 312 N.W.2d 256 (1981), which also involved a suit against the city for negligent care of a slide, a majority of this court determined that the municipal corporation as an entity was an owner of land and, as such, was protected from liability by the Recreation Liability Act. That holding was reaffirmed recently in the case of *Gallagher v. Omaha Public Power Dist.*, ante p. 354, 405 N.W.2d 571 (1987). The evidence at trial is uncontroverted that the city owned the park and allowed the public access to it

free of charge. The act applies to limit the city's liability in this case unless the negligence was willful or malicious.

The trial court found, as a matter of fact, that the city did not act maliciously. The appellant's first assignment of error alleges that this finding was wrong. In *Boren v. State Farm Mut. Auto. Ins. Co., ante* p. 503, 505-06, 406 N.W.2d 640, 643 (1987), we stated,

> Since no equitable relief is sought, the action is to be treated as one at law. As a consequence, a jury having been waived, the factual finding of the trial court has the effect of a finding made by a jury and will not be set aside unless clearly wrong.

Hence, we must uphold the finding that the city's acts or omissions were not malicious or willful unless the finding is clearly wrong.

The trial court found the city negligent, and upon review of the record, we agree. However, the city did take steps to make the landing area of the slide safe by adding more pea gravel and raking the sand daily to replace the sand displaced by feet of the landing sliders. All city slides have displacement at the landing area; most are tended to only on a yearly basis. The city raked the slide area in question daily.

The landing area at the time of the plaintiff's accident had a deep pit in front of a high mound of gravel. Both the pit and the mound were created by the feet of sliders. The accident occurred on a weekend evening, and the area had not been raked since the morning. The use of the slide was proven to be heavier on the weekends, a fact known by the city. We agree that the city, if it had raked the area in the evening, could have prevented this injury, and was negligent in not doing so. However, in light of all of the attention spent on these slides by the city in adding gravel and raking, not once a year but daily, we cannot find that the trial court's finding that the city's negligence was not willful or malicious is clearly wrong. We uphold the finding.

The second assignment of error alleges that the city is liable under the standard of reasonable care, despite the application of the Recreation Liability Act, because it voluntarily undertook the task of making the slides safe and did so

negligently, while announcing publicly that the slides were safe. Section 37-1002 provides that, subject to the exceptions for willful or malicious failure to guard or warn, the owner of land owes no duty of care to make safe the area used by others for recreational purposes. We shall not impose a duty of reasonable care where the Legislature has decided that there shall be no duty. The fact that representations were made regarding safety goes to the issue of whether the city's failure to guard or warn was malicious or not, and not to whether a duty of care was created. The appellant's argument cannot be reconciled with the plain language of the statute.

The third assignment of error complains that the Recreation Liability Act cannot apply because (1) the city's answer denies that it is the owner and operator of the slides, and (2) the act does not cover custom-made equipment.

The city's amended answer contains a general denial of the allegations in the petition. Since the petition alleged that the city is the owner and operator of the slides, the plaintiff argues that the city should not be afforded protection from the Recreation Liability Act because of the denial. The proof at trial established that the city is the owner and operator of the slides. The plaintiff was not misled by the general denial as to ownership, nor did she rely on the denial to her prejudice, since the amended answer claims protection from the act in the paragraph following the general denial.

Since the plaintiff has not been misled to her prejudice, the variance between the allegation in the pleading and the proof at trial is immaterial. Neb. Rev. Stat. § 25-846 (Reissue 1985). With respect to the argument that the act does not apply to accidents involving custom-made slides, in our opinion in *Watson v. City of Omaha*, 209 Neb. 835, 312 N.W.2d 256 (1981), we held specifically that sliding is a recreational activity covered by the act. We cannot see how the origin of the slide is in any way relevant to the application of the act, nor does the appellant provide us with any authority supporting the argument that custom-made equipment is excluded from the act. The decision of the trial court is affirmed.

AFFIRMED.

WHITE, J., dissenting.

I adhere to the view expressed in my dissent in *Watson v. City of Omaha*, 209 Neb. 835, 312 N.W.2d 256 (1981), that the Recreation Liability Act is inapplicable to municipalities.