EUGENE J. VESKERNA, APPELLANT, V. CITY OF WEST POINT,
NEBRASKA, A POLITICAL SUBDIVISION, AND ROAD GEMS, INC.,
A NEBRASKA NONPROFIT CORPORATION, APPELLEES.
578 N.W. 2d 25

Filed May 1, 1998.    No. S-96-971.

Lawrence H. Yost, of Yost, Schafersman, Yost, Lamme, Hillis & Mitchell, P.C., for appellant.

Todd B. Vetter, of Gatz & Fitzgerald, and Jeffrey L. Stoehr, of Stoehr & Searson, for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

This case arose out of an automobile-pedestrian accident which occurred in West Point, Nebraska, in October 1992. Appellant, Eugene J. Veskerna, sued appellees, City of West Point, Nebraska (West Point), and Road Gems, Inc., for negli-

gence in failing to properly and adequately barricade Main Street so as to preclude and prevent the motoring public from having access to Main Street; in moving, removing, or permitting removal of the barricades; in failing to warn pedestrians generally, and particularly appellant, that Main Street had been opened to vehicular traffic; and in failing to warn vehicle operators that Main Street was still being utilized by pedestrians during an antique automobile show. Appellant was struck by the vehicle of a third party, Elwin E. Erickson, while observing one of the antique automobiles on display. Erickson was not involved in the auto show and was driving down Main Street through the auto show area; either he had somehow gone around the barricades or the barricades were not in place. The district court for Cuming County, Nebraska, granted each appellee's motion for summary judgment on the basis that the Recreation Liability Act (Act), Neb. Rev. Stat. §§ 37-1001 to 37-1008 (Reissue 1993), provided appellees statutory immunity, and appellant timely appealed. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We reverse, and remand for further proceedings.

## BACKGROUND

Appellant was injured on October 4, 1992, while attending an automobile show staged by Road Gems. The show was staged in West Point with the approval and aid of West Point. Appellant was injured when he was struck by a private vehicle, not associated with the auto show, driven by Erickson.

The injury occurred at approximately 5:22 p.m. on Main Street. The evidence established that West Point had closed Main Street for an "Oktoberfest" festival, of which the auto show was a part. West Point, with the assistance of Road Gems, erected barricades to prevent motorists from using Main Street, and these barricades were to remain in place until the end of the auto show. There is some question as to what time the auto show was to end and whether the barricades were still in place at the time of the accident. West Point did not charge Road Gems a fee for the use of Main Street for its auto show, nor was the public charged a fee to view the automobiles. The facts are undisputed

that appellant was on Main Street to view the automobiles in the auto show.

Following discovery, each appellee moved for summary judgment. The district court, in granting each appellee's motion, held that the Act provided statutory immunity to West Point as a municipal corporation providing its land, Main Street, to the public free of charge for recreational purposes. The district court further held that Road Gems was an "occupant" for purposes of the Act due to its status as West Point's permittee. The district court further held that whether barricades were in place at the time of the accident was immaterial because § 37-1002 of the Act exempts the owner and occupier from any duty to warn the public of potential dangers present on the property. Appellant timely filed this appeal.

## ASSIGNMENTS OF ERROR

Appellant assigns that the district court erred in (1) sustaining each appellee's motion for summary judgment based upon the Act and (2) ruling that a city street owned by West Point may be converted into a recreational area for purposes of limiting liability under the Act.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Brams Ltd. v. Elf Enters.*, 253 Neb. 932, 573 N.W.2d 139 (1998); *Mandolfo v. Chudy*, 253 Neb. 927, 573 N.W.2d 135 (1998); *State ex rel. Garvey v. County Bd. of Comm.*, 253 Neb. 694, 573 N.W.2d 747 (1998).

## ANALYSIS

The primary issue for review is appellant's contention that the district court improperly applied the Act so as to limit appellees' liability for his injuries. The Act was enacted in 1965 for the stated purpose of "encourag[ing] owners of land to make available to the public land and water areas for recreational purposes by limiting their liability toward persons entering thereon and toward persons who may be injured or otherwise damaged by the acts or omissions of persons entering thereon." § 37-1001. No question is raised in this appeal as to whether the

activity of witnessing an auto show is a recreational purpose as defined by § 37-1008(3), nor is any question raised concerning § 37-1008(4), regarding whether or not a fee was charged for entry upon West Point's land, and these issues will not be discussed. Rather, appellant's primary concern is with subsections (1) and (2) of § 37-1008. These subsections of the Act read: "For purposes of sections 37-1001 to 37-1008: (1) The term land includes roads, water, watercourses, private ways and buildings, structures, and machinery or equipment thereon when attached to the realty; (2) the term owner includes tenant, lessee, occupant, or person in control of the premises." § 37-1008. There is no question that West Point is the owner of Main Street for purposes of § 37-1008(2).

Although Main Street was purportedly closed to vehicular traffic, several businesses along the street remained open to the public. Under the rationale used by the district court, a party who was struck while crossing the street to go to a restaurant could maintain an action against West Point, provided he was not attending the auto show. Conversely, an injured party attending the auto show, such as appellant herein, could not maintain an action against West Point, because his presence on the street would be for a recreational purpose and thus barred by the Act. The Legislature did not intend for a court, nor is this court prepared, to look to the subjective intent of an injured plaintiff in using public land to determine whether or not the Act would bar an action. In construing a statute, it is presumed that the Legislature intended a sensible, rather than an absurd, result. *Slagle v. J.P. Theisen & Sons*, 251 Neb. 904, 560 N.W.2d 758 (1997); *In re Interest of Jaycox*, 250 Neb. 697, 551 N.W.2d 9 (1996). As such, we cannot presume that the Legislature intended to create separate classes of plaintiffs based upon the individual subjective intent of said plaintiffs in using the property.

The case at bar amounts to nothing more than an attempt by appellees to temporarily narrow the use to which already public land is put so as to relieve themselves of liability for injuries that may befall members of the public. Such a situation is clearly not intended by the Act. In construing a statute, a court must look to the statute's purpose and give to the statute a rea-

sonable construction which best achieves that purpose, rather than a construction which would defeat it. *In re Interest of Jaycox, supra*; *Solar Motors v. First Nat. Bank of Chadron*, 249 Neb. 758, 545 N.W.2d 714 (1996). The stated purpose of the Act is to encourage landowners to make their land available to the public. Main Street was by its very nature already available to the public. Merely changing the use to which public lands are put cannot change the liability of the owner to members of the public who use the property. As such, the district court erred in sustaining each appellee's motion for summary judgment on the basis of the Act.

## CONCLUSION

By its plain language, the Act was not intended to relieve landowners of liability based merely on the subjective intent of those members of the public who use the land. Furthermore, the land upon which appellant was injured was already public land and temporarily changing the stated intended use cannot exempt West Point from its duty to maintain Main Street. As such, we reverse the decision of the district court granting each appellee's motion for summary judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.